Buncombe County, North Carolina,

Plaintiff,

vs.

HCA Management Services, LP;
MH Master Holdings, LLLP;
MH Mission Hospital, LLLP; and
MH Hospital Manager, LLC,

Defendants.

**Notice of Removal from State Court**

MH Mission Hospital, LLLP hereby removes this action from the Superior Court of Buncombe County, North Carolina, to the Asheville Division of the United States District Court for the Western District of North Carolina.

1.      Removal is governed by 28 U.S.C. §§ 1441 and 1446. Under section 1441(b), a defendant may remove an action to federal court when federal-question or diversity jurisdiction exists. Section 1446 establishes the procedure for doing so. As we will explain, this action satisfies the jurisdictional requirements of section 1441, and Mission has satisfied the procedural requirements of section 1446.

## 1.    THIS COURT HAS JURISDICTION.

### A.    This Court has diversity jurisdiction.

2.      Removal based on diversity jurisdiction requires that the parties be fully diverse (meaning that no defendant is a citizen of the same state as any plaintiff) and that the amount in controversy exceed $75,000. 28 U.S.C. §§ 1332, 1441.

3.      *The parties are diverse.* The parties are fully diverse because Plaintiff is a citizen of North Carolina and Defendants are all citizens of Delaware and

Tennessee:

- Plaintiff is a North Carolina municipality, a state-created entity that is not an arm of the state. *Lawson v. Union County Clerk*, 828 F.3d 239, 250 (4th Cir. 2016). It is therefore a citizen of North Carolina.

- Defendant HCA Management Services, LP is a limited partnership. Its partners are HPG Enterprises, LLC and HPG Solutions, LLC. The sole member of both partners is Management Services Holdings, Inc., a Delaware corporation with principal place of business in Tennessee.

- The state citizenship of all other defendants is ultimately determined based on the state citizenship of MH Hospital Holdings, Inc., a Delaware corporation with principal place of business in Tennessee:

  o Defendant MH Hospital Manager, LLC is a limited liability company. Its sole member is MH Hospital Holdings, Inc.

  o Defendant MH Master Holdings, LLLP is a limited liability limited partnership. Its partners are MH Hospital Manager, LLC and MH Hospital Holdings, Inc.

  o Defendant MH Mission Hospital, LLLP is a limited liability limited partnership. Its partners are MH Master, LLC and MH Master Holdings, LLLP. The sole member of MH Master, LLC is MH Master Holdings, LLLP.

4.  *The amount in controversy exceeds $75,000.* Although North Carolina practice does not permit a complaint to demand a specific sum in excess of $25,000, Plaintiff's allegations show that the amount actually in controversy in this action is greater than $75,000. (*E.g.*, Ex. 1 ¶ 38.) Therefore, under 28 U.S.C. § 1446(c)(2), Mission asserts that the amount in controversy in this action exceeds $75,000. *See Dart Cherokee v. Owens*, 574 U.S. 81, 87 (2014).

**B.      This Court has federal-question jurisdiction.**

5.      Federal-question jurisdiction exists when a case "arises under" federal law—in other words, when "federal law creates the cause of action" or "a state-law cause of action implicates a significant federal issue." *Bauer v. Elrich*, 8 F.4th 291, 297 (4th Cir. 2021) (cleaned up).

6.      Although Plaintiff's complaint pleads only a state-law claim for unjust enrichment, that claim depends on alleged violations of EMTALA, CMS regulations, and antitrust law. (Ex. 1 ¶¶ 29–31, 37, 39.) As a result, a federal question is "necessarily raised" and "actually disputed by the parties." *Burell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019). Some of those questions—for example, what EMTALA requires of emergency departments—are "important to the federal system as a whole," and resolving them in federal court would not disrupt "the balance of federal and state judicial responsibilities." *Id.* (cleaned up). Therefore, this court has federal-question jurisdiction.

**2.    MISSION HAS COMPLIED WITH 28 U.S.C. § 1446.**

7.      *The notice of removal includes the required materials.* To comply with 28 U.S.C. § 1446(a), Mission has attached copies of all processes, pleadings, and orders served upon Mission in this matter:

- Exhibit 1: Plaintiff's complaint, which was filed on August 6, 2024.
- Exhibit 2: The consolidated exhibits filed with Plaintiff's complaint.
- Exhibit 3: The summons addressed to Mission, which was served on August 8, 2024.

8.      *Removal to this division of this Court is proper.* Removal to this division of this Court is proper under 28 U.S.C. § 1446(a) because Plaintiff filed this action

in Buncombe County Superior Court, which lies within this federal district and division.

9.   *The notice of removal is timely.* Plaintiff filed this action in the Superior Court of Buncombe County, North Carolina on August 6, 2024. Mission was not served until August 8, but it learned of the lawsuit before being served. Out of an abundance of caution, Mission has treated August 6 as the start of the 30-day removal deadline and has complied with that deadline. *See* 28 U.S.C. § 1446(b)(1).

10.   *All defendants have consented to removal.* Undersigned counsel represents all defendants, who have consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

11.   *Defendants will promptly notify Plaintiff and the state court.* Mission will promptly serve Plaintiff and will file a copy of this notice with the Clerk of Superior Court of Buncombe County, North Carolina. *See* 28 U.S.C. § 1446(d).

Submitted September 4, 2024.

ROBERTS & STEVENS, PA

/s/David Hawisher
Phillip Jackson (#21134)
    pjackson@roberts-stevens.com
John Noor (#43102)
    jnoor@roberts-stevens.com
David Hawisher(#55502)
    dhawisher@roberts-stevens.com
PO Box 7647
Asheville, NC 28802
(828) 252-6600
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I have served this document by email.

Robert Hunter, Jr.
   rnhunterjr@greensborolaw.com
John Bloss
   jbloss@greensborolaw.com
HIGGENS BENJAMIN, PLLC
301 N Elm St, Ste 800
Greensboro, NC 27401
*Counsel for Plaintiff*

Mona Wallace
   mwallace@wallacegraham.com
John Hughes
   jhughes@wallacegraham.com
Olivia Smith
   osmith@wallacegraham.com
WALLACE & GRAHAM, PA
525 N Main St
Salisbury, NC 28144
*Counsel for Plaintiff*

Served September 4, 2024.

ROBERTS & STEVENS, PA

/s/David Hawisher

David Hawisher

RS #3456957v1