| | |
|---|---|
| Buncombe County, North Carolina,<br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>HCA Management Services, LP;<br>MH Master Holdings, LLLP;<br>MH Mission Hospital, LLLP; and<br>MH Hospital Manager, LLC,<br>　　　　　　　　　　　　　Defendants. | **Mission Hospital's<br>Reply Brief in Support of<br>Motion to Dismiss** |

　　　　Buncombe County admits, as it must, that it was legally obligated to provide EMS services to its citizens. The County admits, as it must, that it was paid for those services under rates it chose to charge. The County does not allege that Mission Hospital ever requested those services or that the County ever requested payment. From these facts just one conclusion is possible: Buncombe County does not have an unjust-enrichment claim.

　　　　But the County insists that it has a right to be paid twice: Once by the patients that requested its services, and once by the Hospital that didn't. This remarkable conclusion rests on remarkable arguments, most of which require pretending a court said something it didn't (*Ron Medlin* was not narrowed, and *Atlantic Railroad* did not care whether the legal obligation was "just and appropriate") or ignoring something it did say (*Browning* requires "affirmative steps" to induce the plaintiff's acts, and *Metric Constructors* requires a "mutual understanding" that the plaintiff would be paid).

　　　　The County's arguments fail. This case should be dismissed.

## Argument

1. **The County concedes that it was legally obligated to provide the services it is suing for, which precludes an unjust-enrichment claim.**

We said in our opening brief that a legal obligation of any kind (contractual, statutory, regulatory) will defeat an unjust-enrichment claim. This is settled law. Buncombe County's admission that "the County's transportation of EMS patients to the Mission ER and associated care for those patients, as a general matter, is done in discharge of its obligations to them" (Doc. 5 at 17) decides this lawsuit.

To resist the obvious conclusion, Buncombe County invents a new principle: A legal obligation will not defeat an unjust-enrichment claim unless the defendant's actions were "just and appropriate." (Doc. 5 at 15.) For this proposition, the County relies on a misreading of the following passage:

> In order that the law will give redress for an act causing damage, that act must be not only hurtful, but wrongful. There must be *damnum et injuria*. … Injury resulting from a proper exercise of [state] power … is remediless … .

*Atlantic Railroad v. Highway Commission*, 268 N.C. 92, 96 (1966) (cleaned up). But we know that *Atlantic Railroad*'s reference to "wrongful" acts requires a cognizable legal injury, not just generic unfairness, for two reasons.

**First,** *Atlantic Railroad* equated "wrong" with "*injuria*," meaning "cognizable legal injury." *Committee to Elect Dan Forest v. Employees PAC*, 2021-NCSC-6, ¶ 66 (defining "*damnum absque injuria*"). And it expressly held that a harm suffered in complying with a legal obligation is not "*injuria*."

Similarly, *Atlantic Railroad*'s reference to a "proper exercise" of state power does not ask whether a law (or the defendant's conduct[1]) is "just and appropriate." It asks only whether the law is valid—whether it imposes an obligation.

**Second,** *Lexington Telephone v. Davidson Water* refutes the County's argument. 122 N.C. App. 177, 178 (1996). The plaintiff, a phone company, had a statutory duty to mark its underground cables whenever a water company needed to excavate nearby pipes. It never charged for doing this during business hours. But when it had to pay overtime for work related to "emergency excavations," it sued for unjust enrichment. *Lexington Telephone* held that there was no unjust enrichment: The telephone company was bound by statute,[2] the statute said that phone companies "shall" mark their cables, and "shall is an obligatory term." *Id.* at 179–80 (cleaned up). Simple as that.

*Lexington Telephone* is on point. Like the County, Lexington Telephone had a legal obligation to provide services, and it conceded that ordinarily it could not bill for those services. Like the County, Lexington Telephone said that the defendant's actions made those services more costly and that the defendant was liable for that additional cost. Like the County, Lexington Telephone was wrong. It does not matter whether the plaintiff's legal

---

[1] Examining the fairness of the defendant's conduct would be redundant, because unjust enrichment requires "unjust" conduct by definition. Anyway, the adjective "proper" modifies "exercise of a lawful power of the sovereignty." *Atlantic Railroad*, 268 N.C. at 96.

[2] We should note that the *Lexington Telephone* court, unlike the *Atlantic Railroad* court, did discuss reasonableness. But it did so only in the context of a statutory requirement that notice be given "as soon as is reasonably possible," which was a condition precedent to the plaintiff's legal obligation to mark its cables. *Lexington Telephone*, 122 N.C. App. at 180.

obligation was "just and appropriate," or whether the defendant's actions resulted in "additional costs." (Doc. 5 at 15, 20.) It only matters that there was a legal obligation and the costs were incurred to satisfy it.

Other cases reinforce this conclusion. Many cases recite the rule that unjust enrichment cannot be based on conduct "required by a contract either express or implied in fact or [by] a legal duty." *E.g.*, *M Series v. Mount Pleasant*, 222 N.C. App. 59, 67 (2012) (cleaned up). None of them adds anything like Buncombe County's caveat—not even *Metric Constructors*, though the County implies otherwise.[3] And although the County relies on *Talford*, the availability of *quantum meruit* was not even at issue in that case. *Hospital Authority v. Talford*, 214 N.C. App. 196, 197 (2011).

## 2. The County's contractual "fees-for-service" arrangement precludes an unjust-enrichment claim.

We said in our opening brief that Buncombe County's contracts with its patients (it agrees to provide EMS care and transportation for a published rate) are fatal to the County's claim. The County has two main responses. First, it says that although a contract "between the parties" would be a "bright-line defense" to its claim, third-party contracts are treated differently. (County Br. at 8.) Second, it says that it does not have express contracts with its patients, and an implied-in-fact contract is not good enough. (County Br. at 10.)

---

[3] *Metric Constructors* held that the defendant could not use a third-party contract as both a "sword" (by relying on its conditions precedent) and a "shield" (by using it to preclude an unjust-enrichment claim). *Metric Constructors v. Tokyo-Mitsubishi*, 72 F. App'x 916, 923 (4th Cir. 2003). It did not even hint that the defendant had "manipulate[d] the plaintiff's independent obligation" or that it would matter if it had. (County Br. at 9.)

**Third-Party Contracts.** Buncombe County says that the Court of Appeals decision in *Ron Medlin*, which explained at length why even a third-party contract precludes an unjust-enrichment claim, was "narrowed" by the Supreme Court. (Doc. 5 at 13.) Not so. The Supreme Court decided the case on an antecedent issue (whether the plaintiff was a party to the contract) and therefore did not reach the issue of whether a third-party contract precludes an unjust-enrichment claim. *Ron Medlin Construction v. Harris*, 364 N.C. 577, 588 (2010).

Because the Court of Appeals' reasoning on the third-party contract issue was never "overturned," it is still good law. *Matter of Civil Penalty*, 324 N.C. 373, 384 (1989).[4] In fact, North Carolina courts continue to quote it for the exact proposition that the County rejects. *E.g.*, *Cabrera v. Harvest Street*, 2022-NCCOA-444, ¶ 25. That is not surprising, because the Supreme Court implicitly endorsed the Court of Appeals' reasoning. *See Ron Medlin*, 364 N.C. at 585 n.2 (rule that a contract "between the parties" precludes an unjust-enrichment claim does not mean *only* a contract between the parties does so).

**Effect of an Implied Contract.** We said in our opening brief that a contract precludes any unjust-enrichment claim about the same subject matter, and Buncombe County concedes that in general this is true. It also effectively concedes that there is an implied-in-fact contract between the

---

[4] For a discussion of the effect of Supreme Court rulings on Court of Appeals precedent, *see Walker v. Wake County Sheriff's Department*, 385 N.C. 300, 302 (2023) (Dietz, J., concurring in order vacating Court of Appeals case) and *id.* at 305 (Earls, J., dissenting).

County and EMS patients.[5] (Doc. 5 at 10.) The County's principal counter-argument is that many cases say that "an express contract" precludes an unjust-enrichment claim, which suggests that an implied contract does not.

That is the same error the County made with third-party contracts. Many unjust-enrichment cases recite the "express contract" language, but they do not involve implied-in-fact contracts, nor do they say that *only* an express contract will preclude an unjust-enrichment claim.

The cases that do discuss implied contracts hold that any contract, "either express or implied in fact," will preclude an unjust-enrichment claim. *E.g.*, *M Series*, 222 N.C. App. at 67 (cleaned up). This is because "there is no difference in the legal effect of express contracts and contracts implied in fact." *Creech v. Melnik*, 347 N.C. 520, 526 (1998). The difference that matters is between "real contracts" (express and implied-in-fact contracts) and the "quasi contract" imposed by unjust enrichment. *Waters Edge v. Longa*, 214 N.C. App. 350, 353 (2011) (cleaned up). Unjust enrichment is unavailable whenever there is "an actual agreement"—whenever there is a real contract, express or implied. *Id.*

---

[5] The County hedges on this point, hinting that under a Michigan case, the County might not have contracts with EMS patients. But the County posts its rates for EMS services; patients call and request services, and thereby agree to pay the posted rate under N.C.G.S. § 14-111.1 and Buncombe County Code § 22-28; and EMS provides services in response. Either the posted rate is an offer and the request for services is acceptance of an express contract, or the request for services is an offer and actually providing those services is acceptance of an implied-in-fact contract. *See Lannan v. UNC*, 2022-NCCOA-653, ¶ 54.

## 3. The County's allegations that it incurred measurable costs do not show that it conferred a "measurable benefit" on the Hospital.

In our opening brief, we said that Buncombe County had failed to allege that it conferred a "measurable benefit" on Mission Hospital. The County responds that it can measure how long its EMS staff spend waiting at Mission Hospital. (Doc. 5 at 18.) But that does not mean that the County has conferred a measurable benefit on the Hospital. It means only that the County can quantify its own costs, which is not the same thing.

The County's argument "misunderstand[s] … the facts necessary to support a claim for unjust enrichment." *KNC Technologies v. Tutton*, 2019 NCBC 71, ¶ 65. It is not enough to allege that defendants wrongfully "obtained some benefit to themselves," even if doing so "damaged" the plaintiff. *Id.* ¶ 66. The plaintiff must allege that the defendant benefited "as a result of" the plaintiff's actions. *Greeson v. Byrd*, 54 N.C. App. 681, 683 (1981).

North Carolina courts have considered several cases where the defendant caused the plaintiff to incur costs but did not benefit "as a result of" those costs. *Greeson*, 54 N.C. App. at 683; *Highland Paving v. First Bank*, 227 N.C. App. 36, 38 (2013); *Wing v. Town of Landis*, 165 N.C. App. 691, 694 (2004). In each case the plaintiff could have argued, as the County does, that the defendant benefited by not having to incur those costs itself. But in each case the Court of Appeals held that the defendant was not liable: "Without enrichment, there can be no unjust enrichment." *Id.*

There is no "enrichment" here. The County says that the Hospital

obtained a benefit (lower staffing costs[6]), and it says this harmed the County (more time spent on EMS services), but it doesn't say that the lower costs were "a result of" the County's actions. *Greeson*, 54 N.C. App. at 683. The County says that the Hospital reduced staffing first, and then the County provided more services "as a result" of that reduction. (Doc. 1-1 ¶ 1). That gets the standard backwards.

Consider the counterfactual in which Buncombe County did not respond to the Hospital's alleged actions by providing the services it says it was "forced" to provide. It is impossible to say, based on the complaint, whether or how Mission Hospital would be worse off.

4.   **The County's allegations that the Hospital failed to act as the County would prefer do not show affirmative inducement or an understanding that the County would be paid.**

We said in our opening brief that a defendant is not liable for unjust enrichment unless it took "affirmative steps" to induce a benefit, *JPMorgan Chase v. Browning*, 230 N.C. App. 537, 542 (2013), and did so with the "mutual understanding" that the other party would be paid, *Metric Constructors v. Tokyo-Mitsubishi*, 72 F. App'x 916, 921 (4th Cir. 2003). In other words, the plaintiff must not have acted "officiously or gratuitously." *Id.*

Buncombe County responds that its actions were not officious because it repeatedly told Mission Hospital how to run its ED, and the Hospital failed

---

[6] The County does not even try to argue that the care it provided to its patients generated any revenue for the Hospital or satisfied any legal duty the Hospital was under. The staffing-costs argument is the only argument it has.

to follow the County's instructions. But that is a paradigmatic example of "officious" conduct. And the County ignores the requirement of "affirmative steps" by the defendant.[7]

As *Health Management v. Yerby* illustrates, passive "acceptance" of a benefit is not enough. 215 N.C. App. 124, 126, 133 (2011). The plaintiff, Health Management, had been Yerby's codefendant in another lawsuit. He refused to settle, and Health Management paid to settle on behalf of all defendants. This conferred a benefit on Yerby, so Health Management sued for unjust enrichment. It argued, as the County does, that it had acted reasonably to protect itself and that Yerby had "consciously accepted the benefit" because he did not "tak[e] any action to avoid the settlement." Pl.'s Br. at 26, *Health Management v. Yerby*, *available at* 2010 WL 2914335. But the Court held that Yerby was entitled to judgment because he never affirmatively "authorized" Health Management to settle on his behalf. *Yerby*, 215 N.C. App. at 133.[8]

Buncombe County alleges that Mission Hospital failed to adequately staff its emergency department and failed to respond appropriately to the

---

[7] The closest the County comes to addressing this is when it references the affidavit of Adrienne Jones (Doc. 1-2 at 102). But even this affidavit does not claim that Mission Hospital asked EMS to provide services—only that EMS had to use its own supplies to do so.

[8] *See also Levy v. Infilaw Corp.*, 2017 WL 3573825, at *5 (W.D.N.C. 2017) (dismissing because plaintiffs did "not allege that defendants actively recruited them or solicited their attendance"); *Total Petrochemicals v. RSI Leasing*, 2020 WL 6803848, at *3–*4 (W.D.N.C. 2020) (dismissing because defendant had not "authorized or solicited" the plaintiff to "remedy" a problem on its behalf).

County's demands. Under *Yerby*, these allegations of inaction are not enough.

We can deal briefly with the issue of whether Buncombe County's actions were gratuitous. According to the County, its actions were not gratuitous because Mission Hospital was aware that the County wanted the Hospital to increase staffing. But that does not follow: A demand for action is not a demand for money. And the County entirely ignores the requirement that services be "rendered and received with the mutual understanding that they were to be paid for." *Metric Constructors v. Tokyo-Mitsubishi*, 72 F. App'x 916, 921 (4th Cir. 2003). As a result it also ignores the reasons that there could not have been such a "mutual understanding" here—for example, that it could violate federal law to pay a referral source like EMS providers.

## Conclusion

For these reasons, the complaint should be dismissed in its entirety.

Submitted November 15, 2024.

Roberts & Stevens, PA

/s/David Hawisher
Phillip Jackson (#21134)
   pjackson@roberts-stevens.com
John Noor (#43102)
   jnoor@roberts-stevens.com
David Hawisher(#55502)
   dhawisher@roberts-stevens.com
PO Box 7647
Asheville, NC 28802
(828) 252-6600
*Counsel for Defendants*

## Certificates

**Service.** I have served this document by ECF.

**AI Use.** The foregoing document complies with this Court's standing order at 3:24-mc-104 because its preparation did not involve the use of prohibited artificial intelligence tools and because an attorney has personally verified its accuracy as required by the standing order.

Certified November 15, 2024.

Roberts & Stevens, PA

/s/David Hawisher
David Hawisher
